### Ex Parte W. I. Haley.

No. 5090. Decided June 12, 1918.

**Bail—Murder—Complaint—Practice on Appeal.**

    Where the record on appeal from a habeas corpus proceeding, by the agreed statement of the testimony taken on examining trial, showed that the proof was not evident, bail is granted without prejudice as to final trial.

Appeal from the District Court of Kaufman. Tried below before the Hon. Joel R. Bond.

Appeal from a habeas corpus proceeding denying bail.

The opinion states the case.

*Williams, Puckett & Harty* and *Martin & McDonald,* for appellant.— Cited Ex parte Moseley, 59 Texas Crim. Rep., 90, 127 S. W. Rep., 178; Reeseman v. State, 59 Texas Crim. Rep., 430, 128 S. W. Rep., 1126; Ex parte Locklin, 72 S. W. Rep., 585; Ex parte Gallaher, 25 Texas Crim. App., 465; Ex parte Duncan, 27 id., 485. .

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, Judge.—This is an appeal from an order of the district judge denying bail, wherein appellant was charged by complaint with murder. No indictment had then been found. Shortly after the killing of deceased an examining trial was held at which certain testimony was introduced. On this hearing before the district judge on habeas corpus it was agreed that the statement of the testimony heard on said examining trial should be used, which was done. No oral testi-

mony was heard by the district judge.  The applicant introduced no testimony.

This statement of facts would indicate that other pertinent testimony bearing upon the case might have been introduced.  Why it was not is not shown.  It has been carefully read and considered.  From it we can not say with that degree of certainty which should obtain that the proof is so evident as to justify holding he is not entitled to bail.  The fact that we hold that from this statement of facts appellant is entitled to bail, can not and does not have any bearing or effect on any verdict which may be found on a final trial, nor on the punishment to be inflicted, if he is found guilty.

Under the law, as we understand it, we are constrained to hold that the applicant is entitled to bail, and, therefore, reverse the judgment denying it and fix the amount of bail at $20,000.

Reversed and bail granted.

*Bail granted.*